THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
GWENDOLYN M. GAMBLE (CA Bar No. 143267)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Email: gwen.gamble@usdoj.gov
    Telephone:  (213) 894-6684
    Fax:        (213) 894-7819
Attorneys for Defendant
UNITED STATES POSTAL SERVICE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERSONAL ASSISTANCE SERVICES COUNCIL,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>    Defendants. | No. CV 08-4959 R (CTx)<br><br>**PROTECTIVE ORDER**<br><br><br><br>Honorable Manuel L. Real |

Pursuant to the Joint Stipulation for Protective Order filed by the parties herein,

IT IS HEREBY ORDERED that:

Defendant is permitted to disclose to plaintiff the identity of applicants listed in the "PostalOne!System" information database who were granted nonprofit mail status under the philanthropic category (hereinafter referred to as the "Protected Information").

The Protected Information shall be used by plaintiff, plaintiff's counsel, experts, consultants, and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to:

1. counsel of record for the plaintiff;

2. plaintiff, who shall be permitted to review the Protected Information in the presence of counsel of record, but shall not be given a copy thereof, provided that it shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;

3. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or

4. non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A. Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or

disclose the contents of the Protected Information shall be submitted under seal. The submitting party shall request the Court to impound any of the Protected Information that may be submitted as evidence and to maintain the same as a sealed record of the Court not available for review by the public. All deposition transcripts that contain or disclose the contents of the Protected Information shall be maintained under seal and be subject to the provisions of this Stipulated Protective Order even if they are not filed with the Court.

At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information shall be returned to defendant by plaintiff's counsel within 30 days of the termination of the action, including copies provided to expert consultants/witnesses. This shall not include documents (1) that have been filed with the Court or (2) that contain notations of counsel or experts/consultants, in which case they are to be destroyed by plaintiff's counsel within 30 days of the termination of the action.

Upon completion of this action, including any appeal taken therefrom, plaintiff's counsel shall certify to this Court that they have irretrievably destroyed all documents which are the subject of this Stipulated Protective Order. They shall further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence, that they have made of such documents.

This Stipulated Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of

privilege in this matter. This Stipulated Protective Order permits defendant to disclose the Protected Information, but does not constitute an order requiring production.

Nothing in this Stipulated Protective Order shall prohibit a party from seeking further protection of the Protected Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Stipulated Protective Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of unredacted copies of the Protected Information.

Nothing in this Stipulated Protective Order constitutes a waiver of defendant's right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or Postal Service policies.

Neither the United States, the United States Postal Service, the United States Department of Justice, including the United States Attorney's Office, nor any of its officers, agents employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by the plaintiff under this Stipulated Protective Order, or of any information contained in such documents.

This Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Stipulated Protective Order does not

4

1 apply to any information or documents subject to a claim of privilege
2 or other basis of exclusion, and this Stipulated Protective Order
3 shall not be precedent for adopting any procedure with respect to the
4 disclosure of any such other information.

5     DATED: June 8, 2009

                                      JUDGE MANUEL L. REAL
                                      UNITED STATES DISTRICT JUDGE

PRESENTED BY:

JONES DAY

/s/
Brian M. Hoffstadt
John Ly
Jolene Mate
Attorneys for Plaintiff
PERSONAL ASSISTANCE SERVICES COUNCIL


THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Gwendolyn M. Gamble
GWENDOLYN M. GAMBLE
Assistant United States Attorney
Attorneys for Defendant

5

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERSONAL ASSISTANCE SERVICES COUNCIL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　　Defendants. | No. CV 08-4959 R (CTx)<br><br>**AGREEMENT TO BE BOUND BY**<br><br>**PROTECTIVE ORDER** |

　　　　The undersigned, having read and fully understood the terms of the Protective Order entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that the Protected Information as defined by the Protective Order entered by the Court shall be used only for the purpose of this litigation, and not for any other purpose whatsoever. The undersigned agrees not to disseminate or disclose the Protected Information, or contents thereof. If an original or reproduction of any of the above documents has been provided to the undersigned pursuant to the Protective Order, they shall be returned by the undersigned within 10 days to counsel requesting the return of said documents or within 10 days of the conclusion of any work performed by the undersigned in this litigation.

　　　　DATED:

　　　　　　　　　　　　　　　　　　　_____

EXHIBIT A